## PELZ v. ROTH.

(Supreme Court, Appellate Term. February 23, 1905.)

NEW YORK CITY COURT—SECURITY FOR COSTS—SUFFICIENCY OF AFFIDAVIT.

 An affidavit to compel plaintiff to give security for costs, under Code Civ. Proc. § 3268, as amended by Laws 1904, p. 1294, c. 524, authorizing defendant in an action in the City Court of New York to require security for costs from plaintiff if the latter is a nonresident, is insufficient, where it fails to allege that plaintiff has no office either in the borough of the Bronx or in the borough of Manhattan, but alleges merely that he resides in Brooklyn, and has no office in the borough of Manhattan, regardless of whether the word "city," as used in the Code, is governed by New York City charter (section 1345, c. 466, p. 574, Laws 1901), defining the word "city" so as to include the entire city, of five boroughs, and not merely the original city, as it existed prior to the consolidation.

Appeal from the City Court of New York, Special Term.

Action by Maurice Pelz against Morris Roth. From an order vacating an order for security for costs, defendant appeals. Affirmed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Altkrug & Kahn, for appellant.

· Steuer & Hoffman (Henry A. Friedman, of counsel), for respondent.

GIEGERICH, J. The defendant obtained an order requiring the plaintiff to give security for costs on the ground of the latter's nonresidence. Upon a motion made by the defendant upon the papers on which the order was granted, the court below entered an order vacating it. From the latter order this appeal has been taken.

The allegations in regard to nonresidence are as follows:

"The plaintiff, at the commencement of this action, was, and still is, a resident of the borough of Brooklyn, city of New York, and resides at number 720 President street, borough of Brooklyn, city of New York, with his family. The plaintiff had no office for the regular transaction of business in person within the limits of the borough of Manhattan, city of New York, and prior to the commencement of this action and since the commencement of this action has had no such office."

Both parties in their briefs assume that this appeal presents the question whether section 3268 of the Code of Civil Procedure, as amended by chapter 524, p. 1294, of the Laws of 1904, notwithstanding the definition contained in section 1345 of the present charter (being chapter 466, p. 574, of the Laws of 1901), means by the word "city," as used in said section 3268, the entire city, as now constituted, of the five boroughs, or the original city, as it existed prior to the last consolidation. Anything we might say on this point would be merely dictum, because of the omission in the moving papers to allege that the plaintiff has no office for the transaction of business either in the borough of the Bronx or in the borough of Manhattan. The allegation that the plaintiff has no office is just as much an affirmative part of his case in such an application as this as the allegation that he has no domicile in the city. Stephenson v. Hanson, 4 Civ. Proc. R. 104; Wyckoff v. Devlin, 8 Civ. Proc. R. 138; Code Civ. Proc. § 3160.

The appellant must be defeated, therefore, even under his own contention that the "city," referred to in section 3268 of the Code of Civil Procedure, when used with respect to the City Court, is the city as constituted prior to the last consolidation, because prior to such consolidation the territory within the city of New York embraced more than the present borough of Manhattan, and consequently the affidavit was insufficient on any theory.

Order affirmed, with $10 costs and disbursements. All concur.